## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE OPELOUSAS DIVISION

**AMANDA CLARK,**
**JOANIE FONTENOT, and**                               **CIVIL ACTION NO.:**
**DEVEON BRISTER,**
**Individually**

**VERSUS**                                                        **DIVISION:**

**CHIEF NEAL LARTIGUE,**
**OFFICER LARRY PAUL FONTENOT,**            **SECTION:**
**and CITY OF VILLE PLATTE**

_____

## COMPLAINT FOR DAMAGES

**NOW COME** Amanda Clark, Joanie Fontenot and Deveon Brister, who file this Original

Complaint for Damages, and in support hereof, respectfully represent unto this Honorable Court

as follows:

### JURISDICTION

1.

Complainants' causes of actions herein are grounded upon the United States Constitution,

the Constitution of the State of Louisiana, the Federal Civil Rights Act, 42 U.S.C. § 1983, et

seq., the laws of the State of Louisiana, Louisiana Civil Code art. 2315 et seq., and all other

applicable federal and state laws. The jurisdiction of this Honorable Court is conferred by Article

III, Sect. 2, cl.1, of the United States Constitution, by virtue of the Court's original jurisdiction

under 28 U.S.C. § 1331 "Federal Question" and  28 USC §1343(a)(3).

## VENUE

2.

Plaintiffs currently reside in Evangeline Parish, Louisiana, which is in this District and Division; and the claims alleged arose primarily in this District. Accordingly, venue properly lies pursuant to 28 U.S.C. § 1391.

## PARTIES

3.

Plaintiffs, Amanda Clark, Joanie Fontenot and Deveon Brister, are adult citizens of the United States, and at all times pertinent hereto, were domiciled in Evangeline Parish, Louisiana.

4.

Made defendants in this matter are:

**CHIEF NEAL LARTIGUE** (hereinafter "CHIEF LARTIGUE"), the duly appointed Chief of Police for the City of Ville Platte, Louisiana in his official capacity, who upon information and belief, is a person of the full age of majority and a domiciliary of the Parish of Evangeline, State of Louisiana, who can be served at his place of employment, the VILLE PLATTE POLICE DEPARTMENT, located at 114 Armand St., Ville Platte, Louisiana 70586;

**OFFICER LARRY PAUL FONTENOT** (hereinafter "OFFICER FONTENOT") an officer employed by the Ville Platte Police Department in his individual and official capacities, who upon information and belief, is a person of the full age of majority and a domiciliary of the Parish of Evangeline, State of Louisiana, who can be served at his residence, 1048 Chapman Lane, Mamou, Louisiana 70554;

**CITY OF VILLE PLATTE** (hereinafter "VILLE PLATTE") is a political subdivision of the State of Louisiana as set forth by Louisiana Revised Statute 13:5102, authorized to operate and operating in the Western District of Louisiana with its principal place of operations at 126 East Main Street, Ville Platte, Louisiana 70586. This defendant can be served through its Mayor, The Honorable Jennifer Vidrine, 126 East Main Street, Ville Platte, Louisiana 70586. Service of Process is requested.

5.

Complainants allege that the Defendants are liable *in solido* (or according to such determination as the Court may make) to the Plaintiffs for the damages, experts' and Attorneys' fees, litigation costs and expenses that will be incurred herein for the reasons that follow.

**COMMON FACTS ALLEGED IN SUPPORT OF ALL CAUSES OF ACTION**

6.

At all times pertinent herein, OFFICER FONTENOT was acting as an employee and agent of Defendants, Ville Platte and Chief Lartigue, and was acting with the authority of his office and position, within the course of his duties as an officer of the law for the Ville Platte Police Department.

7.

On or about the early morning hours of August 15, 2015, Plaintiffs AMANDA CLARK and DEVEON BRISTER, were traveling home from a local bar named Gator's when they suffered a flat tire, which they needed to change in order to make it home.

8.

After pulling over to change the tire, Plaintiff JOANIE FONTENOT stopped to assist her two friends with changing the tire on the vehicle.

9.

Shortly thereafter, Defendant OFFICER FONTENOT arrived on the scene in his police unit and began questioning Plaintiffs as to the situation and whether or not any of the parties had been drinking.

10.

After OFFICER FONTENOT's arrival, OFFICER FONTENOT began taking pictures of the backsides of the two female Plaintiffs as they bent over to change the tires. At this same time, OFFICER FONTENOT also made repeated verbal comments of a sexual nature to the female Plaintiffs in the presence of the male Plaintiff.

11.

Upon information and belief, OFFICER FONTENOT repeatedly asked Plaintiffs, AMANDA CLARK and JOANIE FONTENOT, to show him their breasts. In shock at the inappropriateness of this request, AMANDA CLARK and JOANIE FONTENOT initially ignored OFFICER FONTENOT.

12.

Upon information and belief, OFFICER FONTENOT continued his demands that AMANDA CLARK and JOANIE FONTENOT expose themselves to him, and further, that if they did not comply, OFFICER FONTENOT would radio a Louisiana State Police Trooper to arrest AMANDA CLARK and have her cited with Operating While Intoxicated (OWI). Upon information and belief, OFFICER FONTENOT threatened to get the Louisiana State Police involved strictly to intimidate Plaintiffs and to force them to comply with his deviant sexual demands.

13.

Upon information and belief, OFFICER FONTENOT relentlessly pursued his deviant sexual requests to the point of following AMANDA CLARK around her vehicle and grabbing her by the arm causing significant bruising.

14.

Upon information and belief, OFFICER FONTENOT made additional threats to AMANDA CLARK and JOANIE FONTENOT, including, but not limited to, pepper spraying them if they failed to comply with his commands.

15.

AMANDA CLARK and JOANIE FONTENOT were in fear that OFFICER FONTENOT would act upon these threats and decided to obey OFFICER FONTENOT's orders by raising their shirts to expose their breasts to OFFICER FONTENOT.

16.

At all times pertinent herein, Plaintiffs felt that they were legally stopped by OFFICER FONTENOT and were not free to leave the scene until instructed to do so by OFFICER FONTENOT.

17.

After Plaintiffs AMANDA CLARK and JOANIE FONTENOT exposed themselves to OFFICER FONTENOT, Plaintiffs were ordered to leave the scene and return home. After exploiting his office and power to satiate his deviant desire for cheap sexual thrills, OFFICER FONTENOT instructed AMANDA CLARK, who was visibly intoxicated, to drive her vehicle home from the scene of the incident. OFFICER FONTENOT did not even suggest that Plaintiff, DEVEON BRISTER, who was sober, drive the vehicle.

18.

Plaintiffs left the scene and traveled to the Y-Not Stop convenience store to get food.

19.

OFFICER FONTENOT then followed Plaintiffs to the Y-Not Stop convenience store where he met with other VPPD officers and Evangeline Parish Sheriff Deputies.

20.

Upon information and belief, at the Y-Not Stop, OFFICER FONTENOT showed his fellow officers the pictures that he had taken of the Plaintiffs in compromising positions.

21.

Upon information and belief, it was a frequent practice of OFFICER FONTENOT to take photographs of women he had stopped while working on duty as a police officer for the Ville Platte Police Department, as indicated when DEVEON BRISTER heard OFFICER FONTENOT comment during his stop of the Plaintiffs that OFFICER FONTENOT would add the pictures to his collection.

22.

 In the days after the incident, AMANDA CLARK was working at Dollar General when Officer Bryan Melancon with the Ville Platte Police Department approached AMANDA CLARK and informed her that he had heard what happened to her; and that this was not the first time OFFICER FONTENOT had done such a thing; and that OFFICER FONTENOT had circulated the pictures of her backside and her exposed breasts amongst his fellow police officers.

23.

After being informed that these pictures were being circulated and discussed within the Ville Platte Police Department, Plaintiff AMANDA CLARK went to the Ville Platte Police

Department in order to file a complaint against OFFICER FONTENOT, and to speak with CHIEF LARTIGUE.

24.

AMANDA CLARK scheduled multiple appointments with CHIEF LARTIGUE to discuss the incident, but to her dismay, CHIEF LARTIGUE cancelled every appointment with Plaintiff, AMANDA CLARK.

25.

AMANDA CLARK, being extremely upset with the lack of help from the Ville Platte Police Department, decided to file a formal complaint with the Evangeline Parish Sheriff's Department.

26.

Plaintiffs AMANDA CLARK and JOANIE FONTENOT gave statements to the Evangeline Parish Sheriff's Officer explaining what took place the morning of August 15, 2015, which then gave the Evangeline Parish Sheriff's Deputies probable cause to arrest OFFICER FONTENOT.

27.

Shortly thereafter, the Evangeline Parish Sheriff's Office arrested OFFICER FONTENOT charging him with Extortion, Video Voyeurism and three (3) counts of Malfeasance in Office.

28.

Since OFFICER FONTENOT's arrest, Plaintiffs have been in fear that OFFICER FONTENOT, or members of the Ville Platte Police Department, may retaliate against them as a

result of them filing complaints against OFFICER FONTENOT to the Evangeline Parish Sheriff's Office.

## CAUSES OF ACTION

## COUNT ONE- Federal Claims

29.

Plaintiffs re-allege all facts stated above.

30.

At all times relevant hereto, OFFICER FONTENOT was employed by the City of Ville Platte, and was a duly appointed officer and representative of Chief Lartigue and the City of Ville Platte Police Department. Furthermore, OFFICER FONTENOT was acting under color of state and local law, statutes, ordinances, regulations, policies, customs and usages of the State of Louisiana and the City of Ville Platte.

31.

The actions of OFFICER FONTENOT, which took place while acting under color of state law as described above, deprived Plaintiffs AMANDA CLARK, DEVEON BRISTER and JOANIE FONTENOT of the following clearly established and well-settled Constitutional rights, to-wit:

a. Freedom from excessive, unnecessary, and/or unreasonable use of force as guaranteed by the Fourth Amendment of the United States Constitution;

b. Freedom from unreasonable searches and seizure as guaranteed by the Fourth Amendment of the United States Constitution; and

c.  The Right to personal security and privacy, and to be free from sexual assault by police officers acting under color of state law as guaranteed to them by the Due Process Clause of the Fourteenth Amendment of the United State Constitution.

32.

The Constitutional rights of AMANDA CLARK, DEVEON BRISTER and JOANIE CLARK that were violated, and of which they were deprived by Defendants, were clearly established. Any reasonable person under like circumstances would know that Defendants had no reasonable basis to believe that OFFICER FONTENOT's conduct was lawful. Defendants knew that the conduct alleged herein was objectively unreasonable in light of clearly established constitutional rights. Accordingly, neither OFFICER FONTENOT, nor any other Defendant, is entitled to qualified immunity.

33.

The foregoing tortious acts, and failures to act, and the violations of Plaintiffs' constitutional rights were committed as a result of the policies, customs and procedures of Chief Lartigue and the City of Ville Platte, through its officers, agents, and representatives. Upon information and belief, it was the policy, custom and practice of these Defendants to:

a.  Fail to conduct, or ignore the results of, appropriate background checks and pre-employment testing, in order to hire persons such as Officer Fontenot who were unqualified to serve as police officers;

b.  Ignore and otherwise fail to provide adequate and required training in proper police procedures, and to fail to supervise its employees, including but not limited to, training and supervision in the proper uses of force and the proper use of a police officer's influence, as an officer of the law, on the general public; and

c.  Ignore and otherwise fail to provide adequate and proper training in proper police procedures, and to fail to supervise its employees, in the Constitutional protections and safeguards guaranteed to individuals under law.

34.

Further, upon information and belief, Defendants, CHIEF LARTIGUE and CITY OF VILLE PLATTE knew of the inadequate training and supervision of OFFICER FONTENOT, through its officers, agents and representatives, prior to the actions taken by Officer Fontenot against the Plaintiffs.

35.

Defendants, CHIEF LARTIGUE and VILLE PLATTE, allowed OFFICER FONTENOT to serve in the capacity of a patrol officer when they knew of OFFICER FONTENOT's prior disciplinary issues and that OFFICER FONTENOT did not have the requisite training and expertise in police procedures for protecting the Constitutional guarantees afforded to such persons as the Plaintiffs. CHIEF LARTIGUE knew or should have known that OFFICER FONTENOT's lack of training and prior disciplinary issues made it foreseeable that OFFICER FONTENOT would violate the Constitutional rights of persons similarly situated as the Plaintiffs through the use of excessive force, the improper use of his authority for illegal personal gain, and the conducting of unlawful searches and seizures.

36.

The above referenced conduct, acts and failures to act constitute one or more violations of 42 U.S.C. 1983, et seq. for which Plaintiffs seek compensatory damages from OFFICER FONTENOT in his official and individual capacity, from CHIEF LARTIGUE in his official capacity, and against CITY OF VILLE PLATTE, including mental and physical pain and

suffering, humiliation and loss of dignity, loss of enjoyment of life, mental health care expenses and any and all other compensatory general and special damages, and for punitive damages in amounts to be awarded by the jury. Plaintiffs seek all such awards against Defendants, jointly, severally and *in solido*.

### INJURIES AND DAMAGES

37.

The foregoing acts of the Defendants, OFFICER FONTENOT, CHIEF LARTIGUE, and CITY OF VILLE PLATTE were both the direct and proximate cause of the injuries and harm to Plaintiffs, AMANDA CLARK, JOANIE FONTENOT and DEVEON BRISTER, and the resulting damages they sustained as described herein.

38.

As a result of the above described incident, Defendants OFFICER FONTENOT, CHIEF LARTIGUE, and CITY OF VILLE PLATTE, are liable to Plaintiffs for the following:

   a.  Past, present and future physical pain and suffering;

   b.  Past, present and future mental anguish, mental pain and suffering, and emotional torment, including but not limited to humiliation, stress, depression, anxiety and fear;

   c.  Past, present and future loss of enjoyment of life;

   d.  Past and future costs of mental healthcare professionals; and

   e.  Attorney fees, expert fees, litigation costs and any other items of damages, which may be proven at trial on the merits.

39.

As a result of the above-described incident, injuries and damages, Defendant, OFFICER FONTENOT, is also liable to Plaintiffs for punitive damages as a result of his reckless disregard and/or callous indifference to the federally protected rights of the Plaintiffs herein.

**REQUEST FOR JURY**

40.

Plaintiffs, AMANDA CLARK, JOANIE FONTENOT, and DEVEON BRISTER respectfully pray for a trial by jury on all matters so triable.

**PRAYER**

41.

**WHEREFORE,** Complainants, AMANDA CLARK, JOANIE FONTENOT and DEVEON BRISTER pray that this Honorable Court, after due proceedings and trial, award monetary damages in favor of each of the Complainants and against Defendants, OFFICER FONTENOT, CHIEF LARTGUE and CITY OF VILLE PLATTE, for the following:

a. Compensatory damages against the Defendants in an amount reasonable in the premises;

b. Treble, punitive or exemplary damages against the Defendants in individual and official capacities;

c. The cost and expenses Complainants have and will incur to bring this action, including attorneys' fees, experts' fees, and all costs of litigation;

d. Legal interest on all of the above amounts from the date of judicial demand until paid; and

e.  Such other relief as this Honorable Court may deem appropriate.

Respectfully submitted,

s/ André F. Toce

_____

André F. Toce (#16769) (Trial Attorney)
THE TOCE FIRM, APLC
969 Coolidge Boulevard
Lafayette, Louisiana 70503
Telephone:  (337) 233-6818
Facsimile:  (866) 306-9336

s/ Christian B. Landry

_____

Christian B. Landry (#35875)
Daniel M. Landry III (#7976)
THE LANDRY LAW FIRM
802 General Mouton St.
P.O. Box 3784
Lafayette, LA 70502
(337) 237-7135
(337) 232-3350 FAX

ATTORNEYS for Complainants,
Amanda Clark, Joanie Fontenot, and
Deveon Brister, Individually.