# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| AMANDA CLARK, ET AL | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 6:15-CV-02409-RFD-CBW |
| NEAL LARTIGUE, ET AL | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## ANSWER TO COMPLAINT AND JURY DEMAND

**NOW INTO COURT,** through undersigned counsel, come the CITY OF VILLE PLATTE, through the Ville Platte Police Department, NEAL LARTIGUE, in his official capacity as Chief of Police, and LARRY PAUL FONTENOT, individually and in his official capacity as a former officer of the Ville Platte Police Department, defendants herein, and for their Answer and Defenses to the Complaint of AMANDA CLARK, JOANIE FONTENOT, and DEVEON BRISTER, respectfully aver as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

For answer to allegations contained in each and every numbered paragraph of the Complaint, defendants aver as follows:

1.

The allegations contained within paragraph 1 contain legal conclusions and require no answer, but, in an abundance of caution, are denied.

2.

The allegations contained within paragraph 2 are denied, except to admit that Evangeline Parish sits within this judicial district.

3.

For lack of sufficient information to justify a belief therein, the allegations contained within paragraph 3 are denied.

4.

The allegations contained within paragraph 4 are admitted.

5.

The allegations contained within paragraph 5 are denied.

6.

The allegations contained within paragraph 6 are denied, except to admit that LARRY PAUL FONTENOT was an employee of the Ville Platte Police Department at the time of the events alleged in the Complaint.

7.

For lack of sufficient information to justify a belief therein, the allegations contained within paragraph 7 are denied.

8.

For lack of sufficient information to justify a belief therein, the allegations contained within paragraph 8 are denied.

9.

For lack of sufficient information to justify a belief therein, the allegations contained within paragraph 9 are denied.

10.

The allegations contained in paragraph 10 are denied.

11.

The allegations contained in paragraph 11 are denied.

12.

The allegations contained in paragraph 12 are denied.

13.

The allegations contained in paragraph 13 are denied.

14.

The allegations contained in paragraph 14 are denied.

15.

For lack of sufficient information to justify a belief therein, the allegations contained within paragraph 15 are denied.

16.

For lack of sufficient information to justify a belief therein, the allegations contained within paragraph 16 are denied.

17.

The allegations contained within paragraph 17 are denied.

18.

For lack of sufficient information to justify a belief therein, the allegations contained within paragraph 18 are denied.

19.

For lack of sufficient information to justify a belief therein, the allegations contained within paragraph 19 are denied.

20.

The allegation contained within paragraph 20 are denied.

21.

The allegations contained within paragraph 21 are denied.

22.

For lack of sufficient information to justify a belief therein, the allegations contained within paragraph 22 are denied.

23.

For lack of sufficient information to justify a belief therein, the allegations contained within paragraph 23 are denied.

24.

The allegations contained within paragraph 24 are denied.

25.

For lack of sufficient information to justify a belief therein, the allegations contained

within paragraph 25 are denied.

26.

For lack of sufficient information to justify a belief therein, the allegations contained within paragraph 26 are denied.

27.

For lack of sufficient information to justify a belief therein, the allegations contained within paragraph 27 are denied.

28.

For lack of sufficient information to justify a belief therein, the allegations contained within paragraph 28 are denied.

29.

For answer to allegations contained within paragraph 29, defendants adopt by reference their answers, averments, denials, and allegations to paragraph 1 through 28, inclusive, above as though fully set forth herein.

30.

The allegations contained within paragraph 30 are denied, except to admit that LARRY PAUL FONTENOT was an employee of the Ville Platte Police Department at the time of the events alleged in the Complaint.

31.

The allegations contained within paragraph 31 are denied.

32.

The allegations contained within paragraph 32 are denied.

33.

The allegations contained within paragraph 33 are denied.

34.

The allegations contained within paragraph 34 are denied.

35.

The allegations contained within paragraph 35 are denied.

36.

The allegations contained within paragraph 36 contain legal conclusions and require no answer, but, in an abundance of caution, are denied.

37.

The allegations contained within paragraph 37 are denied.

38.

The allegations contained within paragraph 38 are denied.

39.

The allegations contained within paragraph 39 are denied.

40.

The jury demand contained in paragraph 40 requires no answer.

41.

The allegations contained within paragraph 41 are denied.

**AND NOW,** further answering the allegations of the Complaint, and for their affirmative defenses, defendants allege and aver as follows:

**THIRD DEFENSE**

Plaintiffs' alleged damages and injuries were not caused by the fault or negligence of the defendants, but rather were caused by the intentional misconduct, comparative negligence and fault of the plaintiff, which operate to bar or reduce any recovery of damages in this action.

**FOURTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of assumption of the risk.

**FIFTH DEFENSE**

Plaintiffs' alleged damages and injuries were not cause day the fault or negligence of the defendants, but rather were caused by the intentional misconduct, negligence and fault of third persons for whom the defendants bear no responsibility.

**SIXTH DEFENSE**

At all times material, any and all actions taken by the defendants were in good faith and without any intent or malice under the law, and were believed to be constitutional.

**SEVENTH DEFENSE**

At all times material, any and all actions taken by the defendants were reasonable, justified, and legally permissible.

**EIGHTH DEFENSE**

As a separate and complete defense to the allegations made by plaintiffs, defendants are entitled to absolute and/or qualified immunity, and, as a result, defendants are neither subject to suit, nor can they be held liable for plaintiffs' alleged injuries and damages.

**NINTH DEFENSE**

As a political subdivision of the State of Louisiana, defendants are entitled to and plead

the statutory limitation of liability, costs and interests of LA. REV. STAT. §§ 13:5106 and 13:5112 as well as any other statutory or jurisprudential limitation of liability, costs or interest available to defendants under federal or state law.

**TENTH DEFENSE**

Defendants are immune from any liability or under the applicable provisions of federal and state law, including LA. REV. STAT. § 9:2798.1, for exercising or performing, or allegedly failing to exercise or perform, policymaking or discretionary acts within the course and scope of their lawful powers and duties that allegedly caused or contributed to the subject incident or plaintiff's alleged injuries and damages.

**ELEVENTH DEFENSE**

As a separate affirmative defense, defendants aver that any award of punitive damages against defendants, or any one of them, would violate the Fifth and Fourteenth Amendments of the Constitution of the United States and similar provisions of the Constitution of the State of Louisiana for the following reasons:

(a) Inasmuch as punitive are intended to punish and deter, defendants' constitutional rights to due process require that plaintiff be held to the burden of proof employed in criminal proceedings or to one requiring at least proof by "clear and convincing evidence" as opposed to a mere "preponderance of the evidence;"

(b) Inasmuch as punitive damages are penal in nature, defendants are being denied the requirements of adequate notice of the elements of the offense so that an award of punitive damages is in violation of defendants' constitutional rights to due process;

(c) There is a lack of sufficient procedural safeguards necessary to ensure against

unbridled jury discretion in making any award of punitive damages.

**TWELFTH DEFENSE**

As a separate affirmative defense, defendants aver that plaintiff's claim for punitive damages should be denied for the reason that such an award would violate the prohibition against excessive fines mandated by the Eighth Amendment to the Constitution of the United States.

**THIRTEENTH DEFENSE**

As a separate affirmative defense, defendants aver that plaintiff's claim for punitive damages should be denied because an award of such damages would violate the Equal Protection Clause of the Constitutions of the United States and the State of Louisiana in that the awarding of disproportionate judgments against defendants who commit similar offenses resulting in similar injury, but which differ only in material wealth, constitutes an arbitrary and invidious discrimination prohibited by said clauses.

**FOURTEENTH DEFENSE**

Plaintiffs have failed to mitigate their damages to the extent required by law.

**JURY DEMAND**

Defendants request a trial by jury on all issues, claims and demands.

**WHEREFORE**, defendants, CITY OF VILLE PLATTE, through the Ville Platte Police Department, NEAL LARTIGUE, in his official capacity as Chief of the Ville Platte Police Department, and LARRY PAUL FONTENOT, individually and in his official capacity, pray that their Answer and Defenses be deemed good and sufficient and, after due proceedings are had, there be judgment in their favor and against plaintiffs, AMANDA CLARK, JOANIE

FONTENOT, and DEVEON BRISTER dismissing all of their claims with prejudice at their sole cost and awarding defendants reasonable attorneys' fees and costs. Defendants further pray for trial by jury, and for all other general and equitable relief to which they may be entitled.

**RESPECTFULLY SUBMITTED:**

**MAHTOOK & LAFLEUR**

/s/ Eric La Fleur

**Eric La Fleur**
**Bar Roll No. 20910**
**Post Office Box 617**
**Ville Platte, Louisiana 70586**
**(337) 363-6211**
**Fax (800) 983-3565**

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2015, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.

/s/ Eric La Fleur
ERIC LA FLEUR