UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| AMANDA CLARK, ET AL | : | |
| VERSUS | : | CIVIL ACTION NO.: 6:15-CV-02409 |
| CHIEF NEAL LARTIGUE, ET AL | : | JUDGE DOHERTY,<br>MAG. JUDGE WHITEHURST |

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

AMENDED ANSWER

NOW INTO COURT, through undersigned counsel, come the CITY OF VILLE PLATTE and CHIEF NEAL LARTIGUE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF VILLE PLATTE, who for the purpose of amending their answer to the original Complaint for Damages entitled, "Answer to Complaint and Jury Demand," aver as follows:

I.

Defendants desire to add an additional defense entitled, "FIRST DEFENSE (A)" as follows:

"FIRST DEFENSE (A)

This Court does not have personal jurisdiction over defendants."

II.

Defendants desire to amend the wording of the first part of the SECOND DEFENSE to the end of the paragraph numbered as paragraph 1 of their original answer, and substitute and aver as follows:

"SECOND DEFENSE

In the further alternative, and subject to the allegations hereinabove set forth, defendants answer the allegations of the Complaint as follows:

1.

The allegations contained within paragraph 1 are denied."

III.

Defendants desire to amend paragraph no. 2 of the SECOND DEFENSE of their original answer and substitute and aver as follows:

"2.

The allegations contained within paragraph 2 are denied for lack of sufficient information to justify a belief therein."

IV.

Defendants desire to amend paragraph no. 4 of the SECOND DEFENSE of their original answer and substitute and aver as follows:

"4.

The allegations contained within paragraph 4 are denied."

V.

Defendants desire to amend paragraph no. 6 of the SECOND DEFENSE of their original answer and substitute and aver as follows:

"6.

The allegations contained within paragraph 6 are denied."

VI.

Defendants desire to amend paragraph no. 7 of the SECOND DEFENSE of their original answer and substitute and aver as follows:

"7.

The allegations contained within paragraph 7 are denied."

VII.

Defendants desire to amend paragraph no. 8 of the SECOND DEFENSE of their original answer and substitute and aver as follows:

"8.

The allegations contained within paragraph 8 are denied."

VIII.

Defendants desire to amend paragraph no. 9 of the SECOND DEFENSE of their original answer and substitute and aver as follows:

"9.

The allegations contained within paragraph 9 are denied."

IX.

Defendants desire to amend paragraph no. 23 of the SECOND DEFENSE of their original answer and substitute and aver as follows:

"23.

The allegations contained within paragraph 23 are denied."

X.

Defendants desire to amend paragraph no. 29 of the SECOND DEFENSE of their original answer and substitute and aver as follows:

"29.

The allegations contained within paragraph 29 are denied."

XI.

Defendants desire to amend paragraph no. 30 of the SECOND DEFENSE of their original answer and substitute and aver as follows:

"30.

The allegations contained within paragraph 30 are denied."

XII.

Defendants desire to amend paragraph no. 36 of the SECOND DEFENSE of their original answer and substitute and aver as follows:

"36.

The allegations contained within paragraph 36 are denied."

XIII.

Defendants desire to amend paragraph no. 40 of the SECOND DEFENSE of their original answer and substitute and aver as follows:

"40.

The allegations contained within paragraph 40 are denied."

XIV.

Defendants desire to amend their original answer by adding the following affirmative defenses, as follows:

"FIFTEENTH DEFENSE

The alleged accident or incident and the alleged damages of plaintiffs, if any, were not caused by any fault, negligence, and/or liability attributable to the CITY OF VILLE PLATTE and CHIEF NEAL LARTIGUE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF VILLE PLATTE, but instead were caused by or can be imputed to the fault and/or negligence of plaintiffs in the following non-exclusive particulars:

(a) Failing to do what should have been done;

(b) Failing to see what should have been seen;

(c) Failing to act as reasonable persons under the circumstances;

(d) Failing to exercise due care for their own safety;

(e) Failing to avoid their own injury;

(f) Any other acts and/or omissions which may be shown at the trial of this matter.

SIXTEENTH DEFENSE

The defendants, the CITY OF VILLE PLATTE and CHIEF NEAL LARTIGUE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF VILLE PLATTE, do specifically aver that they were in no way guilty of any negligence, fault or strict liability which could be considered a proximate cause of the accident or damages alleged by the plaintiffs and that no negligence, fault or strict liability can be imputed to them.

SEVENTEENTH DEFENSE

The defendants, the CITY OF VILLE PLATTE and CHIEF NEAL LARTIGUE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF VILLE PLATTE, would aver that the proximate cause of the accident and/or damages alleged by the plaintiffs resulted and/or can be imputed to the fault of a third person and/or victim fault.

EIGHTEENTH DEFENSE

The defendants, the CITY OF VILLE PLATTE and CHIEF NEAL LARTIGUE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF VILLE PLATTE, would aver that the plaintiffs were themselves guilty and/or can be imputed with comparative negligence/assumption of the risk, which comparative negligence/assumption of the risk is a complete bar to the recovery of the plaintiffs and/or in the alternative that the plaintiffs failed to mitigate their damages and/or that their damages should be reduced by the percentage of comparative negligence attributable to them and/or imputed to them.

NINETEENTH DEFENSE

The defendants specifically aver any and all affirmative defenses specifically enumerated in Louisiana Code of Civil Procedure Article 1005 which are applicable to this case and/or any and all other affirmative defenses recognized by this jurisprudence, and these are pled herein as if copied herein *in extenso* to the extent they apply; and specifically, La. R.S. 9:2800 (public body immunity); La. R.S. 9:2792.4 (political subdivision immunity); La. R.S. 9:2798.1 (public official immunity); La. R.S. 13:5105; La. R.S. 13:5106; La. R.S. 13:5112; La. R.S. 42:1441 (political subdivision immunity), *et seq.*; and La. C.Cr.P. art. 201-232 as to any specific state law claims, if applicable.

TWENTIETH DEFENSE

The defendants would also plead the defenses of prescription; unavoidable accident; lack of mitigation of damages; absolute, disrectionary and/or qualified immunity pursuant to *Heather Lehman, et al vs. Cheryl M. Leichliter, et al*, No. 07-30405, ____ F.3d ______ (5th Cir. 5/27/08); good faith; probable cause; public duty doctrine; assumption of the risk; and/or lack of liability pursuant to *Monell vs. Department of Social Services*, 436 U. S. 658 (1978).

TWENTY-FIRST DEFENSE

The defendants specifically plead a credit or set-off for any liability of any and all other defendants or potential defendants in this matter as of the date of judgment and with regard to any and all insurance proceeds collectible as a result of that liability.

TWENTY-SECOND DEFENSE

The defendants would also aver that the plaintiffs should not recover for any payments, injuries or damages which result from pre-existing or subsequent conditions which were not

proximately caused by this accident or incident. Defendants cannot be held liable for such damages to the extent they were sustained in other accidents or incidents.

TWENTY-THIRD DEFENSE

The defendants have not yet attacked the pauper status of the plaintiffs due to a lack of information and specifically reserve their right to attack pauper status in the future once discovery is initiated.

TWENTY-FOURTH DEFENSE

Defendants aver that plaintiffs' suit is frivolous under 42 U.S.C. § 1983, thereby entitling defendants under U.S.C. § 1988, to their attorney's fees, expert fees, and costs they have and will incur in defending this action through Rule 50 or 52(c) motion pursuant to the Federal Rules of Civil Procedure and/or through trial and specifically request the Court to leave the note of evidence open in this case so that evidence of all attorney's fees and costs may be submitted to this Court.

TWENTY-FIFTH DEFENSE

Defendants plead the limitation on legal interest and court costs in accordance with La. R.S. 13:5112 as to any specific state law claims.

TWENTY-SIXTH DEFENSE

Louisiana Code of Civil Procedure article 863 is pled herein in order to recover sanctions, attorney's fees, and costs should the allegations of any state law cause of action be found to be unfounded, uninvestigated or frivolous as to any specific state law claims.

TWENTY-SEVENTH DEFENSE

Plaintiffs may not recover punitive damages or penalties against the defendants sued in their official capacity and cannot recover due to defendants' inability to pay.

TWENTY-EIGHTH DEFENSE

In the event, and solely in the event, that the defendants sued in their individual capacity are found liable for punitive damages or penalties, all of which is at all times specifically denied, defendants aver that plaintiffs' claims for punitive damages against defendants are barred by the equal protection, excess fines, due process, and cruel and unusual punishment clauses of the United States and Louisiana constitutions and, as such, are null and void.

TWENTY-NINTH DEFENSE

Defendants deny liability for any award of punitive, penalty or exemplary damages, because under the current rules governing discovery and trial practices, current evidentiary rules, and current vague substantive standards, such an award would violate the defendants' rights under U. S. Const. art. I, §§ 8, 9, 10, amendments IV, V, VI, VIII and XIV. In particular, defendants deny liability for exemplary damages because:

- There is no standard of sufficient clarity to guide the jury in determining whether to award exemplary damages, or the amount of punitive or exemplary damages to be awarded;
- The jury is not instructed on the limits on punitive or exemplary damages imposed by the applicable principles of deterrence and punishment;
- The jury is not expressly prohibited from awarding punitive or exemplary damages, or from determining the amount of an award of punitive or exemplary damages, in whole or in part, on the basis of discriminatory characteristics such as defendants' wealth;

- The jury does not receive sufficient instruction to avoid awarding excessive and disproportionate punitive or exemplary damages;
- The standard for determining liability or punitive or exemplary damages is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive or exemplary damages permissible;
- The jury is permitted to award punitive or exemplary damages on the decision of only ten jurors, rather than a unanimous vote;
- The award of punitive or exemplary damages is not subject to judicial review based on objective standards.

THIRTIETH DEFENSE

Defendants, the CITY OF VILLE PLATTE and CHIEF NEAL LARTIGUE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF VILLE PLATTE, affirmatively assert that the plaintiffs have no right to recover for any amounts written off or contractually adjusted by any health care provider because of that provider's receipt of Medicare and/or Medicaid payments for plaintiffs' medical treatment.

THIRTY-FIRST DEFENSE

It is further affirmatively pled that the plaintiffs have no right of action to recover any amounts paid by Medicare and/or Medicaid as the rights to recover those payments have been assigned by them and by operation of law to Medicare and/or Medicaid.

THIRTY-SECOND DEFENSE

Defendants further affirmatively assert that if any payments were made by Medicaid or if any medical treatment was provided by any state medical or health care provider or if any medical treatment was paid for by any state agency or department that any right to recover those

payments or any obligation created on the part of these defendants for those payments or treatments have been extinguished by confusion.

THIRTY-THIRD DEFENSE

Plaintiffs are not entitled to legal interest against defendants.

THIRTY-FOURTH DEFENSE

The CITY OF VILLE PLATTE and CHIEF NEAL LARTIGUE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF VILLE PLATTE, do hereby plead the limitations on damages afforded them pursuant to 42 U.S.C.A. § 1981a(b)(3).

THIRTY-FIFTH DEFENSE

It is affirmatively averred that the plaintiffs have or may have received payments of medical expenses under a policy or policies of health, accident, workers' compensation, or medical and/or hospitalization insurance, Medicare or Medicaid benefits, and/or at a charity hospital and have subrogated their rights and/or claims for payment of said expenses to the person, firm, corporation, or other legal entity issuing a policy or extending such benefits and, therefore, have no right of action against these defendants for the amounts so paid.

THIRTY-SIXTH DEFENSE

The defendants would also plead the defenses of qualified immunity pursuant to *Moresi v. State of Louisiana, Through the Department of Wildlife and Fisheries, et al.,* 567 So.2d 1081 (La. 1990) to all claims for violations of the Louisiana State Constitution of 1974, including but not limited to claims under LSA - Const. Art. I § 2, LSA - Const. Art. I § 5, and LSA - Const. Art. I § 20. Government officials are entitled to qualified immunity when performing discretionary functions. *McManus v. State of La., Dep't of Wildlife and Fisheries*, 09-1158

(La.App. 3 Cir. 3/10/10), 33 So.3d 412, *writ denied*, 10-816 (La. 6/18/10), 38 So.2d 323; *Jackson v. State of La., Dep't of Corrs.*, 00-2882 (La. 5/15/01), 785 So.2d 803.

THIRTY-SEVENTH DEFENSE

The CITY OF VILLE PLATTE and CHIEF NEAL LARTIGUE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF VILLE PLATTE, reserve their right to amend this answer at any time prior to trial or within the appropriate delays as the Court may fix to assert other affirmative defenses which may be discovered to be applicable in this matter.

THIRTY-EIGHTH DEFENSE

AND NOW, and further answering, the defendants, the CITY OF VILLE PLATTE and CHIEF NEAL LARTIGUE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF VILLE PLATTE, subject to the allegations and defenses hereinabove, reiterate and reaver any and all allegations, exceptions and defenses that they made in their original answer or any other pleading."

XV.

Defendants desire to amend the prayer of their original answer and substitute and aver as follows:

"WHEREFORE, premises considered, the defendants, the CITY OF VILLE PLATTE and CHIEF NEAL LARTIGUE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF VILLE PLATTE, pray that this answer be deemed good and sufficient and after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of the defendants, the CITY OF VILLE PLATTE and CHIEF NEAL LARTIGUE,

INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF VILLE PLATTE, and against the plaintiffs, Amanda Clark, Joanie Fontenot, and Deveon Brister, at the plaintiffs' costs.

AND FOR ALL GENERAL AND EQUITABLE RELIEF, ETC."

Respectfully submitted,

BORNE, WILKES & RABALAIS, L.L.C.

BY: s/John F. Wilkes, III

JOY C. RABALAIS (26476), T.A.
JOHN F. WILKES, III (01644)
RAY F. LUCAS, III (27558)
KYLE N. CHOATE (33524)
ALLISON M. ACKAL (31590)
200 West Congress Street, Suite 1000
Post Office Box 4305
Lafayette, Louisiana 70502-4305
Telephone: (337) 232-1604 Ext. 201
Facsimile: (337) 232-1837
E-mail: wilkes@bornewilkes.com

ATTORNEYS FOR THE CITY OF VILLE PLATTE AND CHIEF NEAL LARTIGUE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE CITY OF VILLE PLATTE

CERTIFICATE

I HEREBY CERTIFY that on the 11th day of December, 2015, a copy of the foregoing Amended Answer was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to K. Eric LaFleur; Daniel M. Landry, III; Christian Landry; and Andre' F. Toce by operation of the court's electronic filing system.

s/John F. Wilkes, III
JOHN F. WILKES, III (Bar Roll #01644)
BORNE, WILKES & RABALAIS, L.L.C.
Attorney for Defendants