**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE OPELOUSAS DIVISION**

| | |
|---|---|
| **AMANDA CLARK,<br>JOANIE FONTENOT, and<br>DEVEON BRISTER,<br>individually** | **JUDGE REBECCA F. DOHERTY** |
| **VERSUS** | **CIVIL ACTION NO. 6:15-CV-02409-RFD-CBW** |
| **CHIEF NEAL LARTIGUE,<br>OFFICER LARRY PAUL FONTENOT<br>CITY OF VILLE PLATTE.** | **MAGISTRATE JUDGE:WHITEHURST** |

---

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

MAY IT PLEASE THE COURT:

AMANDA CLARK, et al, through undersigned counsel, moves this Honorable Court for an Order denying Defendant's Motion to Strike, pursuant to Rule 12(f), Federal Rules of Civil Procedure.

Defendant cites Federal Rules that do not provide a basis for the relief Defendant seeks. Fed.R. Civ. P. 12(f) allows the Court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F. 3d 169,178 (5th Cir. 2007).

"Partly because of the practical difficulty of deciding cases without factual record, it is well established that the action of striking a pleading should be sparingly used by the courts...It is a drastic remedy to be resorted to only when required for the purpose of justice". *Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F. 2d 862, 868 (5th Cir. 1962).

It is plaintiff's position that the original Answer filed on behalf of LARRY PAUL

FONTENOT did not contain any redundant, immaterial, impertinent, or scandalous matter, and as such, said Answer should not be stricken, as this will only cause further delay in this proceeding.

Further, Defendant's argument that LARRY PAUL FONTENOT was not served, or had no notice of the suit, is testimonial. Proof of such an allegation would require the testimony of Mr. Fontenot. To the contrary of what is alleged in Mr. Fontenot's motion, a waiver of service was sent to Mr. Fontenot's place of residence (1048 Chapman Lane, Mamou, LA 70554) on October 5, 2015 by certified mail. Erica Fontenot, Mr. Fontenot's wife, signed for the return receipt on October 13, 2015.

Obviously, Mr. Fontenot had sufficient notice of the lawsuit filed against him based upon the fact that he hired a lawyer to respond on his behalf. Mr. Fontenot merely failed to return the waiver. After the filing of his answer by Mr. Lafleur, Mr. Fontenot was likely led to believe that he was being represented by the City of Ville Platte's attorney, and no further action on his part was necessary. It was not until the change of his representation that the issue giving rise to this present motion arose, and striking defendant's answer would obviously not serve as any form of justice.

Further, "A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them." *Martinez v. Bally's Louisiana, Inc.*, 244 F. 3d 474, 476 (5th Cir. 2001). "Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention." *Id.* It would not be justiciable to punish the Plaintiffs for a second-guess, strategy mistake committed by the Defendants or Defendant's counsel. Defendant's original answers to the complaint should be deemed as judicial admissions and the defendant, LARRY FONTENOT should be bound by those answers.

Given the above, it is clear that the striking of Defendant's entire answer is not required for the purpose of justice, and would only cause an injustice to the Plaintiffs. Based on the foregoing, Plaintiffs request that the Motion to Strike the Original Answer be denied.

Respectfully submitted:

THE LANDRY LAW FIRM

*/s/ Christian B. Landry*

CHRISTIAN B. LANDRY (#35875)
DANIEL M. LANDRY (#7976)
P.O. Box 3784
Lafayette, LA 70502
(337) 237-7135 - Telephone
(337) 232-3350 - Fax

And

THE TOCE FIRM

*/s/ Andre F. Tocé*

ANDRE F. TOCÉ (#16769)
969 Coolidge Blvd.
Lafayette, LA 70505
(337) 233-6818 - Telephone
(866) 306-9336 - Fax

***Attorneys for AMANDA CLARK, JOANIE FONTENOT, and DEVEON BRISTER***