UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Amanda Clark, et al. | Civil Action No. 6:15-cv-2409 |
| versus | Judge Rebecca F. Doherty |
| Neal Lartigue, et al. | Magistrate Judge Carol B. Whitehurst |

**ORDER**

Before the Court is an Unopposed Motion to Set Expert's Deposition Fee, filed by Defendants the City of Ville Platte and Chief Neal Lartigue, individually and in his official capacity as Chief of Police of the City of Ville Platte (collectively "Defendants"). (Doc. 37.) For the following reasons, the undersigned hereby grants the motion.[1]

*Background*

Plaintiffs Amanda Clark, Joanie Fontenot, and Deveon Brister (collectively "Plaintiffs") have filed this action for damages against Chief Lartigue, the City of Ville Platte, and Officer Larry Paul Fontenot. (Doc. 1.) Plaintiffs allege that, in the early morning hours of August 15, 2015, Plaintiffs Clark and Brister suffered a flat tire on their vehicle as they were traveling home. Plaintiff Fontenot stopped to assist her two friends with changing the tire. Plaintiffs' allegations reflect that Officer Fontenot arrived on the scene and subjected them to conduct of an inappropriate sexual nature.

---

[1] In light of this Order, the December 21, 2016 hearing on Defendants' Motion to Set Expert's Deposition Fee is hereby CANCELLED.

Plaintiffs' allegations further reflect that Officer Fontenot shared pictures of Plaintiff Clark in compromising positions with other officers and that Officer Fontenot had a history of circulating compromising photographs of women with other officers. As alleged in the complaint, Plaintiff Clark filed a grievance with the Ville Platte Police Department regarding Officer Fontenot and sought to schedule multiple appointments with Chief Lartigue. However, Chief Lartigue allegedly cancelled every appointment. Nevertheless, after Plaintiffs Clark and Fontenot provided statements to the Evangeline Parish Sheriff's Officer, Officer Fontenot was arrested and charged with extortion, video voyeurism, and three counts of malfeasance in office. Based on the foregoing allegations, Plaintiffs assert violations of their Fourth and Fourteenth Amendment rights.

### *Defendants' Motion to Set Expert Deposition Fee*

Defendants move the Court to set the expert's deposition fee at a reasonable amount. (Doc. 37.) In this regard, Defendants state that they recently spoke to the staff of Plaintiffs' treating physician, Dr. Michael Berard, about possible dates for a deposition. Dr. Berard's staff informed defense counsel that the doctor's deposition fee would be $5,000.00 for the first hour of the deposition, and an additional $200 per hour, per patient after the first hour. Defendants assert that Dr. Berard's deposition fee request is unreasonable.

Federal Rule of Civil Procedure 26(b)(4)(E) provides that, unless manifest injustice would result, courts require that the party seeking discovery pay the expert a reasonable fee for the time spent responding to discovery. "Compensating an expert for his deposition time is mandatory under [this rule] because it would be unfair to require one party to subsidize discovery for the opposing party." *Harvey v. City of Rayne, ABC Ins. Co.*, No. 08-0699, 2009 WL 3756492, at *1 (W.D. La. Nov. 5, 2009) (citing *Royal Maccabees Life Ins. Co. v. Malachinski*, No. 96-C-6135, 2000 WL 1377111, *5 (N.D. Ill. 2000)). The mandatory nature of Rule 26(b)(4)(E) expressly provides two limitations: (1) the costs may not be imposed if doing so would result in manifest injustice; and (2) the expert's fee must be reasonable. *Harvey*, 2009 WL 3756492 at *1. Thus, the district court has discretion to limit or alter a party's requested discovery costs if they appear to be unreasonable. *See Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 356 (5th Cir. 2007).

A review of the medical records submitted by Defendants reveals that Dr. Berard: (2) saw Plaintiff Clark on three occasions, consisting of two visits with regard to completing her evaluation along with one additional visit (Doc. 37-3 at pp. 22-32, 57); (2) saw Plaintiff Fontenot on two occasions with regard to completing her evaluation (Doc. 37-4 at pp 22-31); and (3) provided Plaintiff Brister with a "collateral consultation" (Doc. 37-3 at pp. 33-37.) Defendants contend that preparation time for the deposition, as well as the time for providing the deposition testimony, will be

3

minimal and will last around an hour. Plaintiffs have not responded to Defendants' motion to dispute whether Dr. Berard's deposition will last only one hour.

After reviewing Defendants' motion and attached medical records, the Court finds that Dr. Berard's requested deposition fee of $5,000.00 for the first hour of the deposition, and an additional $200.00 per hour (per patient after the first hour), is unreasonable and unjustified. The medical records show that Dr. Berard met with Plaintiffs on a limited basis and provided routine evaluations of Plaintiffs Clark and Fontenot as well as a collateral consultation with Plaintiff Brister. Dr. Berard's exorbitant fee request would result in a manifest injustice by unfairly and unreasonably depleting Defendants' resources. The undersigned concludes, instead, that $1000.00 constitutes a reasonable amount for Dr. Berard's fee, and his fee is reduced accordingly. Should Dr. Berard refuse to appear voluntarily for his deposition, counsel is free to issue a subpoena to compel Dr. Berard's appearance.

### *Conclusion*

Accordingly, it is hereby ORDERED that Defendants' Unopposed Motion to Set Expert's Deposition Fee (Doc. 37) is GRANTED. The expert fee of Dr. Michael Berard is REDUCED to $1000.00.

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 17th day of November, 2016.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE